107 F.3d 4
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Ronnie SLEDGE, Plaintiff-Appellant,
v.
Emery B. GUEST, Sheriff, individually and in his official
capacities as Sheriff for Tompkins County, New York, and
John Doe, individually and in his official capacities as
Food Services Manager for Tompkins County Jail, New York,
Defendants-Appellees.
 No. 96-2283.
 United States Court of Appeals, Second Circuit.
 Dec. 30, 1996.
 
 Appearing for Appellant: Ronnie Sledge pro se, Dannemora, N.Y.
 Before KEARSE and CABRANES, Circuit Judges, and KELLEHER, District Judge*.
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York, and was submitted by plaintiff pro se.
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is vacated.
 
 
 1
 Plaintiff pro se Ronnie Sledge appeals from a judgment of the United States District Court for the Northern District of New York, Rosemary S. Pooler, Judge, dismissing his complaint filed in 1996 for damages from defendant jail officials for injuries they allegedly caused by serving him contaminated food while he was an inmate in 1991-1992. The district court sua sponte dismissed the complaint pursuant to 28 U.S.C. § 1915(d) on the ground that the action was barred by the statute of limitations because Sledge was aware of his injury more than three years prior to the commencement of this action. For the reasons that follow, we vacate the judgment and remand for further proceedings.
 
 
 2
 Although, as indicated by the district court, this Court stated in Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir.1980), cert. denied, 450 U.S. 920 (1981), that a claim accrues when the plaintiff "knew or had reason to know of the injury that is the basis of his action," District Court Decision and Order dated March 21, 1996, at 4, we went on in Singleton to state that "[t]he crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action," 632 F.2d at 192 (emphasis added). Although accrual of a § 1983 claim does not depend on the claimant's receipt of "judicial verification that the defendants' acts were wrongful," the claim "accrues when the alleged conduct has caused the claimant harm and the claimant knows or has reason to know of the allegedly impermissible conduct and the resulting harm." Veal v. Geraci, 23 F.3d 722, 724 (2d Cir.1994) (emphasis added).
 
 
 3
 The statute of limitations is an affirmative defense, see Fed.R.Civ.P. 8(c), as to which the defendant has the burden of proof, see, e.g., Overall v. Estate of Klotz, 52 F.3d 398, 403 (2d Cir.1995). Although the district court has the power to dismiss a complaint sua sponte on statute-of-limitations grounds where the facts supporting that defense are set forth in the plaintiff's own papers, see, e.g., Leonhard v. United States, 633 F.2d 599, 609 n. 11 (2d Cir.1980), cert. denied, 451 U.S. 908 (1981), it may not do so where factual questions exist. Here, though it is clear that Sledge became aware of his injury more than three years prior to bringing this action, there appear to be questions as to when he became, or reasonably should have become, aware that his injury could have been caused by jail officials' serving food that was contaminated. We conclude that the district court's sua sponte dismissal of the complaint prior to answer and development of the record in this regard was inappropriate.
 
 
 4
 Accordingly, we vacate the judgment and remand for further proceedings not inconsistent with this order.
 
 
 5
 No costs.
 
 
 
 *
 Honorable Robert J. Kelleher, of the United States District Court for the Central District of California, sitting by designation